PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
There are four counts of misconduct to which the respondent has entered his plea, and they are summarized as follows:
A. 01-78003. On May 25, 1977, respondent was paid $250 to file a petition for dissolution of marriage for Guy Pennock. Respondent did not file the petition and disappeared before refunding the $250 fee to Mr. Pennock. Respondent did not give Mr. Pennock a forwarding address at which respondent could be reached. The complaint charged that respondent’s conduct violated Disciplinary Rules 6-101(A)(3) and 7-101(A)(2);
B. 01-79005. In March, 1977, respondent wrote three checks, all payable to a convenience store, that were returned for insufficient funds. Respondent made repeated promises to the agency hired to collect the checks that he would make the checks good. He did not do so prior to the agency filing a complaint with The Florida Bar. The complaint charged that respondent’s conduct violated Integration Rule 11.02(3)(a) and Disciplinary Rules 1 — 102(A)(4) and 1-102(A)(6);
C. 01-70911. On September 11, 1976, respondent was paid $260 in trust by Michael Frederick Blalock. Respondent was to pay that sum unto the Escambia County Fine and Forfeiture Fund on Blalock’s behalf. Payment of the sum was necessary to terminate Blalock’s probation. Respondent neither forwarded the money to the appropriate fund nor returned the funds to Mr. Blalock. The complaint charged that respondent’s conduct violated Integration Rule 11.02(4) and Disciplinary Rules 9-102, 6-101(A)(3) and 7-101(A)(2);
D. 01 — 79018. Respondent received $175 from Joan Lee to initiate dissolution of marriage proceedings in her behalf. Respondent did not file a petition in Ms. Lee’s behalf nor did he refund her fee prior to her filing a complaint with The Florida Bar. The complaint charged that respondent’s conduct in this matter violated Disciplinary Rules 6-101(A)(3) and 7 — 101(A)(2).
The respondent has made restitution to all appropriate parties subsequent to the initiation of disciplinary proceedings against him.
Respondent has executed a conditional guilty plea for consent judgment, in which he admits the alleged violations and consents to the following disciplinary measures:
1. Suspension from the practice of law for one year effective the date this Court approves this conditional guilty plea and continuing until respondent proves rehabilitation in reinstatement proceedings pursuant to Rule 11.11 of the Integration Rule of The Florida Bar;
2. Probation for three years following reinstatement to The Florida Bar with the following conditions:
*DCCXLIII A. Respondent will drink no alcoholic beverages during probation except with the express written consent of a physician;
B. Respondent will file sworn quarterly reports with The Florida Bar containing the following minimum information: A case load report listing every matter which was pending in respondent’s office during the preceding quarter; the name of every client and a brief description of the subject matter of each case along with a statement pertaining to the status of the case as of the date of the report; and a separate listing of all cases in which there has been no action during the preceding quarter and an explanation for the inactions. The Bar agrees to maintain confidentiality in all of respondent’s cases;
C. Respondent will arrange for affidavits to be submitted to The Florida Bar quarterly from a counselor, physician, or other qualified person stating that respondent has not consumed alcoholic beverages during the preceding quarter and that respondent is satisfactorily obtaining treatment for alcohol abuse;
D. During the period of probation respondent consents, on one working day’s notice, to inspection of his case files and his trust account records by a member of The Florida Bar.
The Board of Governors of The Florida Bar approved respondent’s conditional guilty plea for consent judgment and has submitted it to this Court for approval. We grant approval of the plea and concur in the designated discipline. Accordingly, the respondent is suspended from the practice of law for one year, to be effective December 17, 1979, thereby providing respondent with time to close out his practice and take the necessary steps to protect his clients. Respondent shall not accept any new business. The filing of a motion for rehearing shall not alter the effective date of this suspension. Upon any reinstatement the conditions that are part of the agreed discipline shall be included in the reinstatement order.
Costs in the amount of $250 are hereby taxed against the respondent.
It is so ordered.
ENGLAND, C. J, and OVERTON, SUNDBERG, ALDERMAN and MCDONALD, JJ., concur.